UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY CALDERON,

                              Plaintiff,                    9:20-CV-0645
                                                                          (GLS/CFH)
        v.

ANTHONY ANNUCCI et al.,

                              Defendants.
_____

APPEARANCES:

LARRY CALDERON
17-A-3002
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

On or about May 14, 2020, pro se plaintiff Larry Calderon, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), commenced this action in the Southern District of New York (SDNY) with the filing of a complaint and application to proceed in the action in forma pauperis (IFP). Dkt. No. 1; Dkt. No. 2 ("Compl."). On June 3, 2020, SDNY Chief District Judge Colleen McMahon transferred the action to this District. Dkt. No. 4.

On September 8, 2020, the Court issued a Decision and Order granting plaintiff's IFP application and dismissing plaintiff's complaint, without prejudice, for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 12 ("September Order").

On October 9, 2020, the Court received plaintiff's amended complaint, which is accepted for filing.[1] Dkt. No. 13 ("Am. Compl."). Although the caption of the amended complaint identifies only DOCCS Commissioner Anthony Annucci as the defendant, the body of the pleading additionally identifies Bronx County Assistant District Attorney Christine Scaccia, Albany Medical Center (AMC) Nurse Jane Doe, DOCCS Correctional Officer John Does 1-3, DOCCS Sergeant John Does 1-3, DOCCS Former "CIU"[2] Director Noeth, and DOCCS Current CIU Director John Doe as defendants.[3] *See generally id.*

The Clerk has forwarded the amended complaint to the Court for review.

## II.     PLAINTIFF'S AMENDED COMPLAINT

### A.     Governing Legal Standard

The legal standard governing the review of a pro se inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the September Order and will not be restated in this Decision and Order. September Order at 3-4.

### B.     Summary of the Amended Complaint

The events giving rise to this action occurred while plaintiff was confined in Sullivan Correctional Facility ("Sullivan C.F.") and during his stay in the prison ward of AMC. *See generally* Compl. The following facts are as alleged in plaintiff's amended complaint.

---

[1] In light of plaintiff's pro se status, the Clerk is respectfully directed to attach the exhibits submitted by plaintiff in connection with his original complaint (Dkt. No. 2 at 15-179) to the amended complaint.

[2] According to publicly available information, "CIU" is an acronym for "Crisis Intervention Unit."

[3] The Clerk is respectfully directed to modify the docket to reflect the defendants as listed above.

In or around February 2018, while plaintiff was confined in Sullivan C.F., defendant Scaccia informed prison officials that plaintiff's "life was in danger." Am. Compl. at 1. As a result, plaintiff was placed in involuntary protective custody (IPC). *Id.* According to plaintiff, during his criminal prosecution, defendant Scaccia "made it clear on [the] record that she would have it out for him using DOCCS-CIU former and current directors to retaliate against him."[4]  *Id.*

On or about February 16, 2018, plaintiff was hospitalized in AMC for walking pneumonia. Am. Compl. at 1. On the same date, while plaintiff was held in "the isolation section" of AMC, defendants Nurse Jane Doe, Sergeant John Does 1-3, and Correctional Officer John Does 1-3 forcibly administered a drug using a needle that they inserted into his neck, even though he already had an intravenous cannula or catheter available. *Id.* at 1, 3-4. The drug was administered pursuant to "executive order," not pursuant to a doctor's order.[5] *Id.*  The drug induced a coma that lasted for "several days." *Id.* at 4. When plaintiff regained consciousness several days later, he was placed in the intensive care unit. *Id.* at 1, 4. According to plaintiff, defendants Sergeant John Does 1-3 and Correctional Officer John Does 1-3 "physically [and] mentally assaulted" plaintiff, and the "(3) John Doe Officers then threatened to shoot plaintiff with the[ir] service weapon while at the same time plaintiff was left to lie in his own feces for days." *Id.* at 1-2. Defendant Nurse Jane Doe also left plaintiff in his bodily waste for two days following a verbal altercation. *Id.* at 2.

On an unknown date, one of the defendant Sergeant John Does directed defendant

---

[4]  Plaintiff's amended complaint does not allege that he was confined or enrolled in the CIU at any time, nor does the amended complaint otherwise provide any information about the CIU.

[5]  The executive order was issued by a person whose name plaintiff cannot remember. Am. Compl. at 1. The unknown person is not named as a defendant in the amended complaint.

3

Nurse Jane Doe to release plaintiff from AMC, and plaintiff was released to Clinton Correctional Facility, even though he still had internal bleeding. *Id.*

Because of the internal bleeding, plaintiff was returned to AMC.[6] Am. Compl. at 2. Defendant Nurse Jane Doe violated plaintiff's Health Insurance Portability and Accountability Act (HIPAA) rights by disclosing his medical condition to correctional officers. *Id.* Plaintiff remained hospitalized in AMC until May 16, 2018. *Id.*

Defendants Noeth and DOCCS CIU Current Director John Doe "retaliated against plaintiff for complaining by stopping his mail[ and] placing him in facilities with known enemies as a tool to continue to violate [his] 14th Amendment [rights]." Am. Compl. at 2.

Liberally construed, plaintiff's amended complaint asserts: (1) Eighth Amendment excessive force and failure to intervene claims against defendant Nurse Jane Doe, defendants Sergeant John Does 1-3, and defendants Correctional Officer John Does 1-3; (2) a Fourteenth Amendment procedural due claim process against defendant Scaccia; (3) Eighth Amendment deliberate medical indifference claims against defendant Nurse Jane Doe; (4) a HIPAA violation against defendant Nurse Jane Doe; (5) verbal harassment against defendants Sergeant John Does 1-3 and defendants Correctional Officer John Does 1-3; (6) Eighth Amendment conditions of confinement claims against defendants Sergeant John Does 1-3 and Correctional Officer John Does 1-3; (7) First Amendment retaliation claims against defendants Noeth and DOCCS CIU Current Director John Doe. For a complete statement of plaintiff's claims, reference is made to the amended complaint.

---

[6] The amended complaint does not allege the date on which plaintiff was returned to AMC.

**C.    Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

**1. Defendant Annucci**

In this case, defendant Annucci is listed in the caption of the amended complaint, but he is otherwise not mentioned in the body of the complaint.  Am. Compl. at 1.  "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."  *Cipriani v. Buffardi*, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *2 (S.D.N.Y. Mar. 16, 1998) (dismissing claims asserted against the defendant-superintendent because the complaint "mention[ed him] only in the caption, and fail[ed] to allege any act or omission by [him]").  Because the amended complaint fails to allege the personal involvement of defendant Annucci in any alleged constitutional violation, any claims asserted against him are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

5

### 2. Eighth Amendment Excessive Force and Failure to Intervene

The amended complaint asserts excessive force and failure to intervene claims against defendant Nurse Jane Doe, defendants Sergeant John Does 1-3, and defendants Correctional Officer John Does 1-3 arising from allegations that they forcibly administered a drug to plaintiff without a doctor's order. Am. Compl. at 1, 3-4. According to plaintiff, defendant Nurse Jane Doe inserted the needle into his neck; defendants Correctional Officer John Does 1-3 and one of the defendant-sergeants secured plaintiff's arms and legs; and two of the defendant-sergeants witnessed the event but did not intervene to protect plaintiff. *Id.* at 4.

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require a response to plaintiff's Eighth Amendment excessive force and failure to intervene claims asserted against defendant Nurse Jane Doe, defendants Sergeant John Does 1-3, and defendants Correctional Officer John Does 1-3. In so ruling, the Court expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion with respect to any of these claims.

### 3. Fourteenth Amendment Due Process

Like plaintiff's original complaint, the amended complaint alleges that plaintiff was placed in IPC after defendant Scaccia "informed prison officials that plaintiff[']s life was in danger." Am. Compl. at 1 (internal quotation marks omitted). Liberally construing the amended complaint, plaintiff seems to allege that defendant Scaccia felt residual contempt for plaintiff after his criminal prosecution and told corrections officials that plaintiff's life was in danger of out of vengeance. *Id.* Plaintiff asserts a Fourteenth Amendment procedural due

6

process claim against defendant Scaccia based on the foregoing allegations. *Id.* at 5-6.

As explained in the September Order, to state a sufficient procedural due process claim, a complaint must allege (1) that plaintiff possessed a liberty interest protected by the Constitution and (2) that the defendant deprived plaintiff of that liberty interest as a result of insufficient process. *See Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001). The Second Circuit has repeatedly held that New York law grants inmates a protected liberty interest in remaining free from extended periods of segregated confinement, like IPC, without a hearing. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). Like plaintiff's original complaint, however, the amended complaint fails to allege that plaintiff was denied a hearing or any procedural protections prior to placing plaintiff in IPC, or that defendant Scaccia specifically denied him access to procedural protections. In addition, there are no allegations in the amended complaint that defendant Sciaccia had the authority or made the decision to place plaintiff in IPC at Sullivan C.F. Instead, the amended complaint alleges only that defendant Scaccia notified correctional officials that plaintiff's life was in danger. *Id.* at 1. Accordingly, plaintiff's procedural due process claim asserted against defendant Scaccia is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 4. Eighth Amendment Deliberate Medical Indifference

Like plaintiff's original complaint, the amended complaint asserts a deliberate medical indifference claim against defendant Nurse Jane Doe based on allegations that she discharged plaintiff from AMC even though he was still bleeding internally, which he describes as a "life threatening" condition. Am. Compl. at 2, 7. The discharge occurred after plaintiff "had a verbal altercation" with defendant Nurse Jane Doe. *Id.* at 2. The amended

7

complaint also asserts a deliberate medical indifference claim against defendant Nurse Jane Doe arising from the allegations that she forcibly administered him a drug without a doctor's order and that the drug rendered him comatose. *Id.* at 7.

Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff*, 537 F.3d at 191, the Court will require a response to plaintiff's Eighth Amendment deliberate medical indifference claims asserted against defendant Nurse Jane Doe. In so ruling, the Court expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion with respect to these claims.

### 5. HIPAA Violation

To the extent the amended complaint can be construed as asserting a cause of action against defendant Nurse Jane Doe arising from allegations that she disclosed plaintiff's medical conditions to correctional officials in violation of HIPAA, that claim is not cognizable as explained in the September Order. *See* September Order at 13-14. Accordingly, the claim is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 6. Eighth Amendment Conditions of Confinement

Liberally construing the amended complaint, plaintiff's Eighth Amendment conditions of confinement claims asserted against defendant Nurse Jane Doe, defendants Correctional Officer John Does 1-3, and defendants Sergeant John Does 1-3 arise from allegations that they knowingly left plaintiff to sit in his own bodily waste for multiple days. *See* Am. Compl. at 1-2. Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff*, 537 F.3d at 191, the Court will require a

response to these Eighth Amendment conditions of confinement claims. In so ruling, the Court expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion with respect to the claims.

### 7. Verbal Harassment

Liberally construed, plaintiff's amended complaint purports to assert constitutional claims based on allegations that defendants Sergeant John Does 1-3 and Correctional Officer John Does 1-3 verbally harassed and threatened plaintiff. Am. Compl. at 1-2. It is well settled that verbal harassment and threats, absent any injury, do not give rise to a constitutional violation under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *accord Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010). Accordingly, plaintiff's claims arising out of allegations that he was verbally harassed or threatened by defendants Sergeant John Does 1-3 and Correctional Officer John Does 1-3 are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 8. Retaliation Claims Asserted Against Defendant Noeth and CIU Current Director John Doe

Plaintiff alleges that defendants Noeth and CIU Current Director John Doe retaliated against him "for complaining by stopping his mail[ and] placing him in facilities with known enemies." Am. Compl. at 2. Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff*, 537 F.3d at 191, the Court will require a response to plaintiff's First Amendment retaliation claims asserted against defendants Noeth and CIU Current Director John Doe. In so ruling, the Court

expresses no opinion as to whether the amended complaint can withstand a properly filed dispositive motion with respect to these claims.

### D. Claims Asserted Against the Doe Defendants

Based on the foregoing, plaintiff's amended complaint is accepted for filing only to the extent that it asserts the following causes of action: (1) Eighth Amendment excessive force and failure to intervene against defendant Nurse Jane Doe, defendants Sergeant John Does 1-3, and defendants Correctional Officer John Does 1-3; (2) Eighth Amendment deliberate medical indifference against defendant Nurse Jane Doe; (3) Eighth Amendment conditions of confinement against defendant Nurse Jane Doe, defendants Sergeant John Does 1-3, and defendants Correctional Officer John Does 1-3; and (4) First Amendment retaliation against defendant Noeth and defendant CIU Current Director John Doe.

With respect to the claims asserted against the Doe defendants, whose names are not known to plaintiff, service of process cannot be effected on them unless and until they have been identified by name. If plaintiff wishes to pursue his claims against defendants Nurse Jane Doe, Sergeant John Does 1-3, Correctional Officer John Does 1-3, and CIU Current Director John Doe, he must take reasonable steps to ascertain through discovery the identity of those individuals. Upon learning the identities of the unnamed defendants, plaintiff must amend the operative complaint to properly name those individuals as parties. If plaintiff fails to ascertain the identity of the Doe defendants so as to permit timely service of process, all claims against those individuals will be dismissed.[7]

---

[7] Rule 4 of the Federal Rules of Civil Procedure requires that a party be served within ninety days of issuance of the summons, absent a court order extending that period. *See* Fed. R. Civ. P. 4(m). The Court's Local Rules of Practice shorten the time for service from ninety days under Rule 4(m) to sixty days. *See* N.D.N.Y. L.R. 4.1(b).

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall attach the exhibits submitted by plaintiff in connection with his original complaint (Dkt. No. 2 at 15-179) to the amended complaint (Dkt. No. 13); and it is further

**ORDERED** that the Clerk of the Court shall modify the docket to reflect that the defendants named in plaintiff's amended complaint are as follows: (1) DOCCS Commissioner Anthony Annuci; (2) Bronx County Assistant District Attorney Christine Scaccia, (3) Nurse Jane Doe, (4) DOCCS Sergeant John Does 1-3, (5) DOCCS Correctional Officer John Does 1-3, (6) DOCCS CIU Former Director Noeth, and (7) DOCCS CIU Current Director John Doe; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 13) is **ACCEPTED for filing** to the extent that it asserts the following claims: (1) Eighth Amendment excessive force and failure to intervene against defendant Nurse Jane Doe, Sergeant John Does 1-3, and Correctional Officer John Does 1-3; (2) Eighth Amendment deliberate medical indifference against defendant Nurse Jane Doe; (3) Eighth Amendment conditions of confinement against defendant Nurse Jane Doe, Sergeant John Does 1-3, and Correctional Officer John Does 1-3; and (4) First Amendment retaliation against defendant Noeth and defendant CIU Current Director John Doe; and it is further

**ORDERED** that, except as to the foregoing, the remaining claims asserted in the amended complaint are **DISMISSED without prejudice** for failure to state a claim upon

11

which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)[8]; and it is further

**ORDERED** that the Clerk of the Court shall issue a summons and forward it, along with copies of the amended complaint, to the United States Marshal for service upon defendant Noeth.  The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendant Noeth, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendants Nurse Jane Doe, Sergeant John Does 1-3, Correctional Officer John Does 1-3, and CIU Current Director John Doe, against whom plaintiff's excessive force, failure to intervene, deliberate medical indifference, conditions of confinement, and retaliation claims are asserted.  **Plaintiff's failure to timely serve those defendants will result in dismissal** of the claims asserted against them and termination of those defendants from the action; and it is further

**ORDERED** that the Clerk shall **TERMINATE** from the docket defendants Scaccia and Annucci; and it is further

---

[8] Should plaintiff seek to pursue any of the claims dismissed without prejudice, he must file a second amended complaint.  Any second amended complaint, which shall supersede and replace the amended complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised.  Any second amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 15 of the Federal Rules of Civil Procedure governs any motion to amend the complaint.

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

December 3, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge