**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LARRY CALDERON,

                                  Plaintiff,

   v.                                                                                              9:20-CV-0645
                                                                                            (GLS/CFH)

JANE DOE, SERGEANT JOHN DOES 1-3, DOCCS
CIU FORMER DIRECTOR NOETH, CORRECTIONAL
OFFICERS JOHN DOES 1-3, and DOCCS CIU
CURRENT DIRECTOR JOHN DOE,

                                  Defendants.

---

**APPEARANCES**:                                          **OF COUNSEL**:

LARRY CALDERON
17-A-3002
Plaintiff, pro se
Attica Correctional Facility[1]
Box 149
Attica, New York 14011

HON. LETITIA JAMES                                        BRENDA T. BADDAM, ESQ.
Attorney General for the                                  Assistant Attorney General
State of New York
Attorney for Noeth
The Capitol
Albany, New York 12224-0341

---

[1] Plaintiff's address currently listed on the Docket Report for this action is Southport Correctional Facility. A search of the Inmate Information Database maintained by the New York State Department of Corrections and Community Supervision, using Plaintiff's Department ID Number (17-A-3002), reveals that the inmate is presently incarcerated at Attica Correctional Facility. See N.Y.S. DOCS Inmate Population Information Search website at http://nysdocslookup.docs.state.ny.us (last visited Nov. 22, 2021). The Clerk of the Court is directed to amend the docket accordingly. Plaintiff is advised that under this Court's rules, an unrepresented litigant is under a duty to inform the Court of any address changes in writing. See N.D.N.Y. L.R. 10.1(c)(2). For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. "Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Larry Calderon ("Calderon" or "plaintiff"), an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 for violations of his rights under the First and Eighth Amendments. Dkt. No. 13 ("Am. Compl."). Presently before the Court is defendant Noeth's motion for summary judgment. Dkt. No. 24. For the following reasons, it is recommended that defendant's motion for summary judgment be granted.

### I.  FAILURE TO RESPOND

On March 23, 2021, Calderon was notified of the pendency of defendant's motion and the consequences of failing to respond. Dkt. No. 25. On April 16, 2021, at plaintiff's request, the Court granted Calderon an extension of time to file a response until May 17, 2021. Dkt. Nos. 27 and 28. When Calderon failed to respond, the Court issued an Order on May 25, 2021, sua sponte, providing him with an extension of time to respond until June 18, 2021. Dkt. No. 29. To date, Calderon has failed to respond to the motion.[3]

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendant is entitled to judgment only if the material facts demonstrate his entitlement to judgment as a matter of law. Id.; FED. R.

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] The Court granted the second sua sponte extension after a search of the Inmate Information Database revealed that plaintiff was transferred to Attica C.F. See Dkt. No. 29. A copy of the Court's order was mailed to plaintiff at Southport C.F. and Attica C.F.

CIV. P. 56( c). "A verified complaint is to be treated as an affidavit . . . and [may] be considered in determining whether material issues of fact exist[.]" Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted). Plaintiff's Amended Complaint is notarized and includes a statement wherein Calderon "duly swears to the facts of this case[.]" Am. Compl. at 8. Therefore, the undersigned will accept the pleading as an affidavit to the extent that the statements are based on Calderon's personal knowledge or are supported by the record. See Berry v. Marchinkowski, 137 F.Supp. 3d 495, 530 (S.D.N.Y. 2005) (collecting cases to support the proposition that a court may consider unsworn assertions on a motion for summary judgment where they are based on the plaintiff's personal knowledge and in light of special solicitude). Moreover, because defendant Noeth does not dispute the authenticity of the exhibits attached to the Amended Complaint, see Dkt. No. 14 at 2, n.1, the Court may consider the exhibits in the context of the within motion. See Dawkins v. Williams, 511 F.Supp.2d 248, 255 (N.D.N.Y. 2007) (considering the exhibits annexed to the pro se plaintiff's amended complaint when deciding the defendant's motion for summary judgment even though that pleading was not verified).

Consequently, the facts set forth in defendant's Rule 56.1(a) Statement of Material Facts are accepted as true as to those facts that are not disputed by the Amended Complaint. See N.D.N.Y. L.R. 56.1(b) ("The Court may deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis omitted).

## II. BACKGROUND

## A. Facts[4]

In support of the motion, defendant filed a Statement of Material Facts.[5] Dkt. No. 24-3. The facts are reviewed in the light most favorable to Calderon as the non-moving party. See subsection III(A) infra. From October 13, 2017, until October 2019, Calderon was confined at Sullivan Correctional Facility ("Sullivan C.F."), Clinton Correctional Facility ("Clinton C.F."), Upstate Correctional Facility ("Upstate C.F."), and Elmira Correctional

---

[4] Defendant annexed exhibits to his motion, without objection related to the authenticity of any documents. Therefore, to the extent that the "facts" asserted are supported by the record, the undersigned will consider the facts and relevant exhibits/documents in the context of the within motion. See U.S. v. Painting known as Hannibal, No. 07-CV-1511, 2010 WL 2102484, at *1, n.2 (S.D.N.Y. May 18, 2010) (citing Daniel v. Unum Provident Corp., 261 F. App'x 316, 319 (2d Cir. 2008) (summary order) ("[A] party is not required to authenticate documents on a summary judgment motion where, as here, authenticity is not challenged by the other party)). In light of the procedural posture of the case, the following recitation is derived from the record now before the court, with all inferences drawn and ambiguities resolved in non-moving party's favor. See Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003).

[5] Local Rule 56.1 (formerly L.R. 7.1(a)(3)) states:

Summary Judgment Procedure

(a) Statement of Material Facts: Any motion for summary judgment shall contain a separate Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, a short and concise statement of each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. Failure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion.

The moving party shall also advise pro se litigants about the consequences of their failure to respond to a motion for summary judgment. See also L.R. 56.2. For the recommended Notification of the Consequences of Failing to Respond to a Summary Judgment Motion, visit the District's webpage at Notification of Consequences.

(b) Response to Statement of Material Facts: The opposing party shall file a separate Response to the Statement of Material Facts. The opposing party response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in a short and concise statement, in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert. In addition, the opposing party's Response may set forth any assertions that the opposing party contends are in dispute in a short and concise Statement of Additional Material Facts in Dispute, containing separately numbered paragraphs, followed by a specific citation to the record where the fact is established. The moving party may reply to the opposing party's contended assertions in a separate Reply Statement and/or its Reply Memorandum of Law.

N.D.N.Y. L.R. 56.1.

Facility ("Elmira C.F.").  Dkt. No. 24-4 at ¶11.  Calderon was hospitalized at Albany Medical Center from February 16, 2018, until April 18, 2018, and from April 21, 2018, until May 14, 2018.  Id.  On October 17, 2019, Calderon was transferred to Southport Correctional Facility ("Southport C.F.").  Id.

Of relevance to the within motion, Calderon claims that Noeth, the former Director of the Crisis Intervention Unit ("CIU"), retaliated against him for "complaining" by deliberately interfering with Calderon's mail and placing him in facilities with known enemies.[6]  Am. Compl. at 2[7]; Dkt. No. at 14 at 2, n.2.

## B. Procedural History

On May 14, 2020, the United States District Court for the Southern District of New York ("Southern District") received the Complaint in the within action.  See Dkt. No. 2.  By Order filed on June 3, 2020, Chief United States District Judge Colleen McMahon of the Southern District transferred this action to the Northern District of New York ("Northern District").  Dkt. No. 4 ("Transfer Order").  In a Decision and Order filed September 8, 2020 (the "September Order"), the Court reviewed the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, and determined that the Complaint failed to state a claim upon which relief could be granted, and, therefore, was subject to dismissal.  Dkt. No. 12.  In light of his pro se status, Calderon was afforded an opportunity to submit an amended complaint.  Dkt. No. 12 at 20.  Upon review of the Amended Complaint, the Court directed defendants Nurse Jane Doe, Sergeant John Does 1-3, and Correctional Officer John Does 1-3 to respond to

---

[6] The Amended Complaint does not allege the date(s) on which the actions allegedly occurred.

[7] Citations to page numbers refer to the pagination generated by CM/ECF, not the page numbers of the individual documents.

Eighth Amendment claims and Noeth and Defendant CIU Current Director John Doe to respond to First Amendment retaliation claims. Dkt. No. 14. On March 22, 2021, in lieu of an answer, Noeth filed the within motion pursuant to Fed. R. Civ. P. 56 seeking judgment as a matter of law with respect to Calderon's First Amendment claims. Dkt. No. 24.

### III. MOTION FOR SUMMARY JUDGMENT[8]

Calderon contends that Noeth retaliated against him in violation of the First Amendment. See generally, Am. Compl. Noeth moves for summary judgment on Calderon's First Amendment claim arguing he failed to exhaust his administrative remedies. See generally Dkt. No. 24.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it was supported by affidavits or other suitable evidence, and the moving party is entitled to judgment as a matter of law. The moving party bears the burden of demonstrating the absence of disputed material facts by providing the court with portions of pleadings, depositions, and affidavits which support the motion. FED. R. CIV. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 317, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing a genuine issue for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). For a

---

[8] Unless otherwise indicated, all unpublished decisions cited within this Report-Recommendation & Order have been provided to plaintiff pro se.

court to grant a motion for summary judgment, it must be apparent that no rational finder of fact could find in favor of the non-moving party. Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

### B. Exhaustion

Noeth contends the motion for summary judgment must be granted because Calderon failed to exhaust his administrative remedies through available grievance procedures. See Dkt. No. 24. The PLRA requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 82 (2006). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

7

excessive force or some other wrong." Porter, 534 U.S. at 532. Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. Id. at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007) (internal citation omitted).

Although the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citation omitted). The Supreme Court recently held that "[c]ourts may not engraft an unwritten 'special circumstances' exception onto the PLRA's exhaustion requirement." Ross v. Blake, 136 S. Ct. 1850, 1862 (2016). As such, the special circumstances exception previously promulgated by the Second Circuit in Hemphill v. New York, 680 F.3d 680, 686 (2d Cir. 2004), is no longer consistent with the statutory requirements of the PLRA. Williams v. Priatno, 829 F.3d 118, 123 (2d Cir. 2016).[9]

Although Ross eliminates the "special circumstances" exception, courts must still consider the PLRA's "textual exception to mandatory exhaustion." Ross, 136 S. Ct. at 1858. Under this exception, courts must determine whether administrative remedies were "available" to a prisoner. Id. The Supreme Court identified three circumstances where administrative remedies may be unavailable to a prisoner. First, "an administrative

---

[9] In Williams v. Priatno, the Second Circuit debated Ross' effect on Hemphill's estoppel exception. See Williams, 829 F.3d at 123. The Williams Court stated that "Ross largely supplants our Hemphill inquiry by framing the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate." Id. (citing Ross, 136 S.Ct. at 1858-59).

8

procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. at 1859 (citing Booth v. Churner, 532 U.S. 731, 736, 738 (2001)). "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Lastly, administrative remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5 (2015). First, the inmate must file a complaint with an inmate grievance program ("IGP") clerk within twenty-one days of the alleged action. Id. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally resolve the issue. Id. at § 701.5(b)(1). If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing. Id. §§ 701.5(b)(2)(i)-(ii). If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination. Id. § 701.5(c)(1). If the superintendent's determination is unfavorable to the inmate, the inmate may appeal to the Central Office Review Committee ("CORC") within seven days after receipt of the superintendent's determination. Id. §§ 701.5(d)(i)-(ii). CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received." Id. § 701.5(d)(3)(ii).

9

In support of the motion for summary judgment,[10] defendant provided the Declaration of Rachel Seguin ("Seguin"), the Director of the IGP for DOCCS. Dkt. No. 24-4. Seguin avers that retaliation claims "are subject for a grievance under DOCCS grievance procedures outline[d] in 7 N.Y.C.R.R. § 701.1 *et seq*." Id. at ¶9. During the relevant time, Sullivan C.F., Clinton C.F., Upstate C.F., Elmira C.F., and Southport C.F. had fully functioning inmate grievance processes in place. Id. at ¶ 12. Defendant also provided Declarations from the following IGP Supervisors: Corey Proscia ("Proscia") at Sullivan C.F.; Christine Gregory ("Gregory") at Clinton C.F.; Sherri Debyah ("Debyah") at Upstate C.F.; Misty O'Dell ("O'Dell") at Elmira C.F.; and Lindsey Mcalinn ("Mcalinn") at Southport C.F. Dkt. Nos. 24-5–24-9. Proscia, Gregory, Debyah, and O'Dell reviewed records from their respective facilities and found no grievances filed by Calderon related to allegations of retaliation by Noeth. Dkt. No. 24-9 at ¶¶ 17-19; Dkt. No. 24-6 at ¶¶ 18-20; Dkt. No. 24-5 at ¶¶ 21-23; Dkt. No. 24-8 at ¶¶ 20-21.

Mcalinn avers that Calderon filed a grievance at Southport C.F. (SPT 0058-20) in February 2020, alleging that his "mail is deliberately being held coming and going at the orders of CIU[.]" Dkt. No. 24-7 at ¶ 21, p. 9. In the grievance, plaintiff referred to birthday cards he attempted to mail on January 27, 2020, January 28, 2020, and January 29, 2020. Id. at 9. The grievance was "received" on February 5, 2020. Id. On February 10, 2020, an IGRC hearing was held and the IGRC issued a response denying the grievance. Id. at 11. Mcalinn's sworn statement indicates Calderon did not appeal the IGRC's determination to the

---

[10] "[A]n inmate's failure to exhaust administrative remedies is properly considered on a motion for summary judgment in lieu of an answer." Crichlow v. Fischer, No. 6:15-CV-06252, 2017 WL 920753, at *5 (W.D.N.Y. Mar. 7, 2017) (citing Crenshaw v. Syed, 686 F.Supp. 2d 234, 236 (W.D.N.Y. 2010) (granting a motion for summary judgment made in lieu of an answer where inmate failed to exhaust administrative remedies)).

Superintendent or to CORC.  Id. at ¶¶ 25-26.

Seguin reviewed CORC records for determinations upon grievance appeals brought by Calderon and found no grievance appeals concerning allegations related to the allegations against Noeth.  Dkt. No. 24-4 at ¶¶ 10, 13.  Mcalinn and Seguin provided documents generated by DOCCS which indicate Calderon filed, appealed, and fully exhausted grievances at Elmira C.F. and Southport C.F.  Dkt. No. 24-4 at 6-7; Dkt. No. 24-7 at 14.

Calderon does not dispute that a grievance process existed at the facilities where he was confined and that he was aware of the process.  Compl. at 8.[11]  The record before the Court reveals that Calderon completed the first step of the grievance process, but never appealed the IGRC response to the facility superintendent or to CORC.  The exhaustion of administrative remedies must be fully completed prior to the filing of an action in federal court.  Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001), overruled on other grounds, Porter, 534 U.S. at 532; see also Feliz v. Johnson, No. 9:17-CV-1294 (DNH/ATB), 2019 WL 3491232, at *2 (N.D.N.Y. Aug. 1, 2019) (holding that the pro se inmate "did not fully exhaust his administrative remedies prior to commencing [his federal] action because he filed his federal complaint before completing the DOCCS grievance process," where the "plaintiff had not yet even appealed the relevant grievance to CORC at the time of filing this action.").  As plaintiff failed to appeal the IGRC determination to the superintendent, or to CORC, the undersigned concludes that plaintiff has failed demonstrate that grievance SPT 0058-20 was properly exhausted.  See Omaro v. Annucci, 68 F.Supp. 3d 359, 364 (W.D.N.Y. 2014) ("It is

---

[11] It is well settled that an Amended Complaint supersedes the original Complaint for pleading purposes. However where, as here, the plaintiff executed the Complaint "under penalty of perjury" see Compl. at 14, the "sworn original complaint retains its evidentiary value, for purposes of a summary judgment motion[.]" Taylor v. Artus, No. 9:05-CV-0271 (LEK/GHL), 2007 WL 4555932, at *6 (N.D.N.Y. Dec. 19, 2007) (collecting cases).

11

well-established that an inmate who does not appeal to CORC has failed to exhaust his administrative remedies.").

Insofar as plaintiff suggests that letters he wrote to Governor Cuomo and Commissioner Annucci constitute an attempt at exhaustion, see Dkt. No. 13-2 at 12, 13,[12] these letters were not addressed to, nor were they sent to the Superintendent or CORC as part of the established grievance procedures. As these letters were sent to officials outside of the grievance chain of command, they do not satisfy the exhaustion requirement. See Geer v. Chapman, No. 9:15-CV-952 (GLS/ATB), 2016 WL 6091699, at *5 (N.D.N.Y. Sept. 26, 2016) (citing Macias v. Zenk, 495 F.3d 37, 44-45 (2d Cir. 2007) ("It is well-settled that writing letters to prison officials, or other officials, is insufficient to properly exhaust administrative remedies.")), report and recommendation adopted, 2016 WL 6090874 (N.D.N.Y. Oct. 18, 2016); Day v. Chaplin, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (noting that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures.").

Defendant Noeth has met his burden of demonstrating that no genuine issue of material fact exists concerning plaintiff's failure to exhaust his administrative remedies with respect to plaintiff's First Amendment claims against Noeth. Although plaintiff has not responded to defendant Noeth's motion, in the Complaint, he suggests administrative remedies were unavailable to him. Specifically, plaintiff claims, without elaboration, that his "initial grievance

---

[12] The letters to Cuomo and Annucci contain vague allegations related to Calderon's mail, but lack specific facts including dates, the identity of individuals involved, the facility or facilities where the incidents occurred, any reference to Noeth or the CIU. See Dkt. No. 13-2 at 12, 13. The remaining letters are not relevant to the issue of exhaustion herein because the correspondence did not involve incidents at Southport C.F, lacks any reference to the CIU or Noeth, and contains complaints unrelated to plaintiff's mail or confinement with "known enemies." Id. at 2-11, 14-21.

12

...

[was] thrown out by NYS DOCCS". Compl. at 8.[13]

In this Circuit, courts have held that a plaintiff who alleges that corrections officers have misplaced or destroyed a particular grievance is not relieved of "the requirement to appeal these claims to the next level once it became clear to him that a response to his initial filing was not forthcoming." Veloz v. New York, 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004) (citing Martinez v. Williams, 186 F.Supp. 2d 353, 357 (S.D.N.Y. 2002)).  Even assuming that Calderon's allegations are true, he does not allege that he ever inquired about the status of any grievance or attempted to file an appeal with the Superintendent or CORC regarding any grievance.  Indeed, as discussed supra, a review of the record in its entirety also provides no evidence that plaintiff ever filed an appeal of any grievance related to Noeth. See Jackson v. Yando, 9:13-CV-1279 (MAD/TWD), 2016 WL 11478235, at *5 (N.D.N.Y. Jan. 19, 2016) (concluding that the plaintiff had not met his burden of demonstrating a genuine issue of fact after a review of the record in its entirety produced "very little in the way of admissible evidence.").  Therefore, the undersigned concludes that Calderon has failed to establish that administrative remedies were unavailable.  Accordingly, it is recommended that defendant's motion for summary judgment be granted on this ground.

Where a claim is dismissed due to an inmate's failure to exhaust administrative remedies, dismissal without prejudice is appropriate if the time permitted for pursuing administrative remedies has not expired.  See Berry v. Kerik, 366 F.3d 85, 87-88 (2d Cir. 2004).  If, however, an inmate failed to exhaust available administrative remedies – and the time in which to exhaust has expired – it is proper to dismiss the complaint with prejudice

---

[13] Calderon claims he retained a "carbon copy" of this grievance, but he did not include such copy with the approximately 160 pages of exhibits annexed to the Complaint.

because any attempt to exhaust would be futile. See id. at 88; see also Richard v. LeClaire, 9:15-CV-0006 (BKS/TWD), 2019 WL 5197041, at *9 (N.D.N.Y. May 26, 2019) ("Because [the p]laintiff's failure to exhaust is at this point incurable, the Court recommends that summary judgment for failure to exhaust administrative remedies be with prejudice."). In this case, the incidents giving rise to Calderon's complaints occurred in January 2020. See Dkt. No. 24-7 at 9. The time for plaintiff to exhaust administrative remedies has long since expired. As plaintiff's failure to exhaust is incurable at this point, it is recommended that the claims against Noeth be dismissed with prejudice. See Richard, 2019 WL 5197041, at *9.

## IV.  DOE DEFENDANTS

Should the District Judge adopt the undersigned's recommendation, the only defendants remaining would be Doe defendants, whose identities are not presently known. Generally, when a pro se plaintiff includes Doe defendants, together with named defendants, the complaint is served upon the named defendants and the plaintiff pursues discovery to identify the Doe defendants. In this case, however, no named defendants remain.

Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the undersigned recommends that the New York State Attorney General's Office be directed to take reasonable steps to attempt to ascertain the full names of the remaining Doe defendants.[14] It is further recommended that the Attorney General's Office be requested, to the extent that it is able to identify the Doe defendants, to provide the address where the Doe defendants can currently be served. It is recommended that the Attorney General's Office be advised that it need not undertake to defend or indemnify the individuals at this juncture.

---

[14] In Valentin, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

14

Such a directive would merely provide a means by which Calderon may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

## V.  CONCLUSION

**WHEREFORE**, based on the reasons set forth above, it is hereby:

**ORDERED**, that the Clerk of the Court amend the docket report to reflect plaintiff's current address; and it is further

**RECOMMENDED**, that defendant Noeth's motion for summary judgment (Dkt. No. 24) be **GRANTED** and that plaintiff's claims against Noeth be **DISMISSED WITH PREJUDICE**; and it is further

**RECOMMENDED**, that, should the District Judge adopt the Report-Recommendation, to the extent possible, the New York State Attorney General's Office be requested to produce the information specified above regarding the identities of the Doe defendants within thirty (30) days of the filing date of the Decision and Order accepting this recommendation, and that, upon receipt of a response from the New York State Attorney General's Office, the Clerk return this file to the Court for further review; and it is

**ORDERED**, that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.[15]

**IT IS SO ORDERED**.

Dated: November 23, 2021
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[15] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(c).