UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY CALDERON,

                              Plaintiff,                    9:20-CV-0645
                                                           (GLS/CFH)
              v.

ANTHONY ANNUCCI et al.,

                              Defendants.
_____

APPEARANCES:

LARRY CALDERON
17-A-3002
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

        Plaintiff pro se Larry Calderon, an inmate in the custody of the New York State

Department of Corrections and Community Supervision (DOCCS), commenced this action

alleging deprivation of his civil rights pursuant to 42 U.S.C. § 1983 against defendants

Anthony J. Annucci, Noeth, Christine Scaccia, and unidentified Doe defendants.  Dkt. No. 2

("Compl.").

**II.     BACKGROUND AND PROCEDURAL HISTORY**

        On May 14, 2020, plaintiff filed a complaint and application to proceed in forma

pauperis (IFP) in the Southern District of New York.  Dkt. No. 1 ("IFP Application"); Dkt. No. 2

("Compl."). On June 3, 2020, the Southern District transferred the action to this District. Dkt. No. 4.

On September 8, 2020, the Court issued a Decision and Order, which granted plaintiff's IFP application and dismissed the complaint, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 12 ("September Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 20. On December 3, 2020, the Court reviewed the amended complaint and issued a Decision and Order directing defendants Nurse Jane Doe, Sergeant John Does 1-3, and Correctional Officer John Does 1-3 to respond to Eighth Amendment claims, and Noeth and Defendant CIU Current Director John Doe to respond to First Amendment retaliation claims. Dkt. No. 14 ("December Order"). On March 22, 2021, Noeth filed a pre-answer motion for summary judgment. Dkt. No. 24.

In a Report-Recommendation and Order (R&R), Magistrate Judge Christian F. Hummel recommended that Noeth's motion for summary judgment be granted. *See generally* Dkt. No. 30. Magistrate Judge Hummel noted that the only remaining defendants were Doe defendants and recommended that the New York State Attorney General's Office "take reasonable steps to attempt to ascertain the full names of the remaining Doe defendants" and provide addresses where the Doe defendants could be served. *Id*. at 14. Magistrate Judge Hummel further recommended that the Attorney General's Office be advised that it need not undertake to defend or indemnify the Doe defendants, at that time. *Id.* This Court adopted the R&R in its entirety. Dkt. No. 31.

In response to the Court's order adopting the R&R, the Attorney General's Office provided a status report identifying the CIU Director John Doe as Scott Kelly. Dkt. No. 32.

Counsel further advised that she was unable to identify Nurse Jane Doe, Sergeant John

Does 1-3, and Correctional Officer John Does 1-3.  *Id*.  Subsequently, the Court held four

status conferences regarding the progress made in identifying the defendants.  *See* Minute

Text Entries of Feb. 4, 2022, March 10, 2022, May 19, 2022, and July 28, 2022.  During the

July 28, 2022 conference, the Court afforded plaintiff the opportunity to file an amended

complaint to name the defendants identified during discovery.  *See* Text Minute Entry of July

28, 2022.  Plaintiff was advised that a motion was not necessary.  *Id.*

Presently before the Court for review is plaintiff's second amended complaint.  Dkt.

No. 48.

### III.   REVIEW OF SECOND AMENDED COMPLAINT

#### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in

September Order and will not be restated in this Decision and Order.  *See* September Order

at 3-4.

#### B.  Summary of Second Amended Complaint

In the second amended complaint, plaintiff names the following entities/individuals as

defendants: Albany Medical Center, Drinnon O. Hand, M.D., and Edward Iskhakov, M.D.[1]

*See* 2d. Am. Compl. at 1.  Plaintiff did not identify Nurse Jane Doe, Sergeant John Does 1-3,

Correctional Officer John Does 1-3, or CIU Director John Doe in the second amended

---

[1] The Clerk of the Court is directed to add these defendants to the docket.

complaint and the pleading does not include any claims against these defendants.[2]

On February 14, 2018, plaintiff was transported from Sullivan Correctional Facility ("Sullivan C.F.") to Albany Medical Center, where he remained hospitalized until April 18, 2018.  2d Am. Compl. at 2-3.  On April 18, 2018, following the recommendation of defendants Hand and Iskhakov (doctors employed at Albany Medical Center), plaintiff was discharged from the hospital.  *Id.* at 2, 3.

On April 20, 2018, while in the custody of DOCCS at Clinton C.F., plaintiff complained of chest pain, shortness of breath, and a cough.  2d Am. Compl. at 4.  Plaintiff was transported to Champlain Valley Physicians Hospital and treated for various conditions including bilateral pneumonia and respiratory distress.  *Id*.  On April 21, 2018, plaintiff was transferred to Albany Medical Center Intensive Care Unit and treated for pneumonia.  *Id.* Plaintiff remained at Albany Medical Center until May 18, 2018.  *Id*.

Construed liberally, the second amended complaint contains the following claims: (1) Eighth Amendment deliberate medical indifference; (2) negligence; and (3) medical malpractice.  *See* 2d Am. Compl. at 5-6.  Plaintiff seeks monetary damages.  *Id*. at 6.

## C.  Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *German v. Fed. Home Loan Mortg. Corp*., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see Myers v. Wollowitz*, No. 6:95-CV-0272

---

[2]  The Clerk of the Court is directed to terminate these individuals as defendants.

(TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (explaining that Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  In order to maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id*.

Assuming, without deciding, that the individual doctors and Albany Medical Center Hospital acted under "color of law" for purposes of Section 1983 and that plaintiff's injury was sufficiently serious to satisfy the first prong of an Eighth Amendment deliberate indifference claim and, to satisfy the subjective test for such a claim, plaintiff must allege facts to demonstrate that defendant "knew of and disregarded an excessive risk to his health or safety." *Sales v. Barizone*, No. 03 Civ. 6691, 2004 WL 2781752, at *18 (S.D.N.Y. Dec. 2, 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The second amended complaint contains no facts to plausibly suggest that defendants were deliberately indifferent to plaintiff's serious medical needs or showed a wanton disregard for those needs.

With respect to plaintiff's allegations related to negligence and malpractice, the protections afforded by the Eighth Amendment do not extend to remedy harms which may be inflicted as a result of conduct amounting to negligence or medical malpractice but not encompassing conscious disregard of an inmate's health.  Therefore, a complaint that a physician, or any other medical personnel, have been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Estelle v.*

5

*Gamble*, 429 U.S. 91, 105-06 (1976).  Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Id*.; *see Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("[T]he Eighth Amendment is not a vehicle for bringing medical malpractice claims.").

After reviewing plaintiff's second amended complaint, and according it the utmost liberality in light of plaintiff's pro se status, the Court is not able to discern either a factual or legal basis for this action.  Because plaintiff has already had two opportunities to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[3]

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint (Dkt. No. 48) is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket as follows: (1) include Albany Medical Center, Drinnon O. Hand, M.D., and Edward Iskhakov, M.D. as defendants; and (2) terminate Nurse Jane Doe, Sergeant John Does 1-3, Correctional Officer John Does 1-3, and CIU Director John Doe as defendants; and it is further

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to

---

[3] Although plaintiff's federal constitutional and federal statutory claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

state a claim upon which relief may be granted.[4]  The Clerk is directed to close this case;

and; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff and the

Attorney General's Office in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

October 4, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[4]  Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive, rather than merely formal, such that any amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 F. App'x 77, 78 (2d Cir. 2011).